(138 App. Div. 147.)

### GITT v. MARGUSEE.

(Supreme Court, Appellate Division, First Department. May 27, 1910.)

1. ARBITRATION AND AWARD (§ 73*)—DECISIONS APPEALABLE—ORDER CONFIRMING AWARD.

Code Civ. Proc. § 2381, permits an appeal from an order vacating an award, from a judgment entered upon an award, or from an order or judgment in an action, and requires the proceedings upon such appeal to be governed by sections 1293–1355, so far as applicable. Section 1353 requires an appeal to the Appellate Division from a final judgment, to be heard upon a certified copy of the notice of appeal, judgment roll, and the case and exceptions, if any, filed as prescribed by law and the general rules of practice. *Held*, that an order confirming the report of arbitrators was not appealable; an appeal lying only from the judgment entered thereon.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 73.*]

2. ARBITRATION AND AWARD (§ 73*)—REVIEW—RECORD—CASE—NECESSITY.

In order to review an order confirming the report of arbitrators, upon appeal from the judgment entered thereon, a case, showing the proceedings before the arbitrators, and exceptions, are essential.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 73.*]

3. APPEAL AND ERROR (§ 419*)—REVIEW—NOTICE OF APPEAL—CONTENTS.

Under Code Civ. Proc. § 1301, providing that, where the appeal is from a final judgment in a special proceeding, in order to bring up for review an interlocutory judgment or order, appellant must distinctly specify the interlocutory judgment or order in the notice of appeal, on appeal from a final judgment entered upon an order confirming an award of arbitrators, the notice of appeal must specify the confirming order, in order to have it reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 419.*]

In the matter of the arbitration between Harry N. Gitt and Julius Margusee. On motion to open default in filing printed papers. Application granted on conditions named.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

I. M. Aron, for the motion.
M. J. Back, opposed.

PER CURIAM. It is not stated in the moving papers whether the appeal is from the order confirming the report of the arbitrators or

from the judgment entered thereon. By the Code of Civil Procedure it does not appear that an appeal from an order confirming the report of the arbitrators can be taken. By section 2381 of the Code an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, and the proceedings upon such an appeal are governed by the provisions of chapter 12 of the Code, so far as they are applicable. By section 1353 of the Code it is provided that an appeal to the Appellate Division from a final judgment must be heard upon a certified copy of the notice of appeal, the judgment roll, and the case and exceptions, if any, filed as prescribed by law and the general rules of practice. It would seem to contemplate, therefore, that on an appeal from a judgment entered upon an award of arbitrators, if the appellant desires to raise any question as to the propriety of the award, he must do so by an appeal from the judgment which must contain a case showing the proceedings before the arbitrators. It would also appear that section 1301 of the Code is applicable, so that if, on such an appeal, the appellant desires to review the order confirming the award, that must be specified in the notice of appeal, as where an award is confirmed by the court, and an appeal taken from the judgment entered thereon, if the appellant desires to review an interlocutory order of the court, he must specify that order in the notice of appeal; but the facts upon which the arbitrators decided can only be reviewed upon a case and exceptions.

The respondent is entitled to have this appeal promptly disposed of, and this application will be granted, on condition that the appellant files and serves the printed papers on appeal as an appeal from a judgment, with his brief, on or before June 7th.